### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TIMOTHY C. HARRIS**, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. |
| | ) |
| **CITY OF TOPEKA, KANSAS, and** | ) |
| **TOPEKA POLICE OFFICER** | ) |
| **CHRISTOPHER JANES,** | ) |
|        Defendants. | ) |

### COMPLAINT

COMES NOW the Plaintiff, by and through his counsel, and for his cause of action against Defendants state:

### INTRODUCTION

1. This suit is a Section 1983 Civil Rights action. On January 23, 2018, Timothy C. Harris, a 34-year-old African American man, was beaten when a Topeka Kansas police officer repeatedly punched him without legal justification. When beaten, Timothy C. Harris presented no threat to the Defendant Officer or anyone else and was obeying all lawful orders given him.

2. The unconstitutional policies and practices of the Topeka Police Department ("TPD") resulted in the beating of Timothy C. Harris. The City of Topeka is therefore also liable for his beating.

### JURISDICTION AND VENUE

3. This court has subject matter jurisdiction of these claims pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq; the Judicial Code, 18 U.S.C. §§ 1331 and 1343(a); and the 4th and 14th Amendments to the Constitution the United States.

4. The amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, when the events took place, resided in this judicial district, and the events giving rise to the plaintiff's claims occurred in this judicial district.

## PARTIES

6. Plaintiff Timothy C. Harris is a resident of Shawnee County, Kansas.

7. Defendant City of Topeka, Kansas, ("City") is a city and municipality organized under the laws of the State of Kansas. The City may be served with process at 215 SE 7th Street, Topeka, Kansas 66603. The City is responsible for the policies, practices, and customs of its Police Department.

8. Defendant City of Topeka Officer Christopher Janes is an officer employed by the City of Topeka Police Department ("Topeka Police Department"). He is a duly-appointed agent authorized to enforce the laws of the City of Topeka and State of Kansas and acted under the color of law and in the scope of his employment. He may be served with process at Topeka Police Department, 320 S. Kansas, Suite 100, Topeka, Kansas 66603. He is sued in his individual capacity.

## FACTS

9. On January 23, 2018, at approximately 7:10 p.m., Timothy C. Harris, a 34-year-old African American man sat in a car parked near 2600 SE 10th, Topeka, Kansas with his girlfriend.

10. Topeka Police Officer Christopher Janes then approached the car Harris was

sitting in and questioned him.  Harris was courteous and cooperative with Officer Janes and responded to all of his questions.

11. During the discussion and without explanation, Officer Janes told Harris he was being detained.  Harris then removed his jacket and stepped out of the car so Officer Janes could detain him.

12. Officer Janes handcuffed Harris' hands behind his back.  He then took Harris to the ground, placed his knee on Harris' back, punched him repeatedly in the face, and sprayed him with pepper spray.

13. While Officer Janes was on top of Harris, Officer Janes repeatedly screamed at Harris to "quit trying to get up."  Harris repeatedly responded that he wasn't trying to get up, that he couldn't breathe, and that he wanted no trouble.

14. When backup Topeka Police officers arrived on the scene, Harris stood up by the officers and his face was bloody.  Harris suffered a broken jaw from the beating by Officer Janes.

**Count 1**
**42 U.S.C. § 1983 Claim for Excessive Force**
**(Against Individual Defendants)**

15. Plaintiff Timothy C. Harris repeats and realleges the preceding paragraphs of this Complaint as if they were fully set out in this Count.

16. The actions of Defendant Officer Janes alleged in this Complaint which resulted in the beating of Plaintiff Timothy C. Harris without just cause violated his rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the

United States Constitution.

17.     The actions of Defendant Officer Janes as alleged in this Complaint were done maliciously, wantonly, or oppressively, with the intent to cause injury to Plaintiff Timothy C. Harris or in reckless disregard of the probability they would injure Harris.

18.     The actions of Defendant Officer Janes alleged in this Complaint were the direct and proximate cause of the constitutional violations set forth above and of the Plaintiff's injuries.

### Count 2
### 42 U.S.C. § 1983 Monell Claim (Lack of Training)
### (Against City of Topeka)

19.     Plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if they were fully set out in this Count.

20.     The actions of Defendant Officer Janes as alleged in this Complaint were done under the authority of one or more interrelated de facto policies, practices and customs of the City.

21.     The actions of the Defendant Officer as alleged in this Complaint were part and parcel of a widespread municipal policy, practice, and custom.  These acts were encouraged and ratified by municipal supervisors and policymakers, including the Topeka City Manager, and by a wide range of police officials, including Topeka Police Chief.

22.     At all times, the employees, agents, and officers of the City were acting under color of state law.

23.     At all times, the employees, agents, and officers of the City were acting pursuant to an expressly-adopted official policy or longstanding practice or custom of the City and the Topeka Police Defendant.

24. The Topeka Police Department, including its agents, employees, and officers, together with other policymakers of the City maintained, *inter alia*, these unconstitutional customs, practices, and policies:

   a. Providing inadequate training regarding the detention of suspects;

   b. Providing inadequate training regarding proper use of force;

   c. Providing inadequate training regarding de-escalation techniques;

   d. Failure to implement and adhere to using force continuum consistent with generally accepted police practices and procedures.

25. The City had actual and constructive knowledge of the deficient policies, practices, and customs alleged above.

26. Situations involving detention of suspects, using force against detainees, and the need to de-escalate confrontations during arrests are all usual and commonly-occurring situations encountered by officers of the Topeka Police Department regularly.

27. The City acted with deliberate indifference to the foreseeable effects and consequences these policies would have on the Constitutional rights of Plaintiff Timothy C. Harris.

28. As a direct and proximate result of the Constitutional violations caused by the employees, agents, and officers of the City and the Topeka Police Department, and other policymakers, Plaintiff Timothy C. Harris suffered violations of the Constitutional rights guaranteed to him by the Fourth and Fourteenth Amendments and suffered severe physical injuries.

29. Because of the acts and omissions of Defendant Officer Janes and the City, Plaintiff Timothy C. Harris may recover all damages allowable for such constitutional violations,

including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. §1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Timothy C. Harris prays for damages of more than $75,000 on each count, exclusive of interest, attorney fees and costs pursuant to 42 U.S.C. §1988 for each of the claims, pre- and post-judgment interest on any damages awarded at the statutory rate, and for other and such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff respectfully requests this matter be tried to a jury on all claims against the Defendants.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Topeka, Kansas as the place of trial.

Respectfully submitted,

Conlee, Schmidt & Emerson, LLP

/s/Rick E. Bailey
Rick E. Bailey, KS # 11583
200 W. Douglas, Ste. 300
Wichita, Kansas 67202
(316) 264-3300
(316) 264-3423 (Fax)
rbailey@fcse.net

/s/Andrew M. Stroth
Andrew M. Stroth (Pro Hac Vice Pending)
Carlton Odim (Pro Hac Vice Pending)

                                                Action Injury Law Group, LLC
                                                191 North Wacker Drive
                                                Suite 2300
                                                Chicago, IL 60606
                                                (312) 735-4045
                                                (312) 641-6866 (Fax)
                                                astroth@actioninjurylawgroup.com
                                                carlton@actioninjurylawgroup.com