**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TIMOTHY C. HARRIS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-4124-SAC-TJJ |
| | ) |
| **CITY OF TOPEKA, KANSAS, and** | ) |
| **TOPEKA POLICE OFFICER** | ) |
| **CHRISTOPHER JANES,** | ) |
| Defendants. | ) |

**RESPONSE TO MOTION TO STAY DISCOVERY AND SUPPORTING MEMORANDUM**

Plaintiff objects to the motion to stay discovery by Defendant the City of Topeka and Christopher Janes until a decision on their yet-to-be-filed motion for summary judgment. A stay is not appropriate because the anticipated motion for summary judgment would not conclude the entire case or significantly narrow the issues going forward. Further, Plaintiff anticipates that discovery will be required before he can respond to the unfiled motion for summary judgment. Finally, allowing discovery to move forward until Defendants actually file their motion for summary judgment would not be wasteful or burdensome. The court should deny the premature motion to stay discovery by Defendants.

**ARGUMENT AND AUTHORITIES**

The general policy has been not to stay discovery even if a dispositive motion is pending in this District. *Wolf v. United States, 157 F.R.D. 494, 495 (D. Kan. 1994).* Staying discovery causes delay which can cause irreparable prejudice to plaintiffs. "[D]elay may work to the disadvantage of the plaintiff as well. Witnesses may become unavailable, memories may fade, attorneys' fees and costs accumulate, and a deserving plaintiff's recovery may be delayed."

*Skritch v. Thorton,* 280 F.3d 1295, n. 12 (11th Cir. 2002), *citing Apostol v. Gallion,* 870 F.2d 1335, 1338 (7th Cir. 1989).   As yet, Defendants have not filed any dispositive motion.  Until Defendants have fulfilled their promise to file a dispositive motion, the court should deny their motion to stay discovery as premature.

This court generally recognizes four exceptions to the general rule that discovery should not be stayed:  (1) the case is likely to be finally concluded via dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues on the defendant's immunity from suit. *Kutilek v. Gannon,* 132 F.R.D. 296-297-98 (D. Kan. 1990).  Whether to stay discovery is committed to the sound discretion of the court and calls for a case-by-case determination.  *Clinton v. Jones,* 520 U.S. 681, 706(1997); *Siegert v. Gilley,* 500 U.S. 226–232-33 (1991).

Even if the court reaches the merits of their motion to stay, Defendants have not shown a sufficient justification for a stay in discovery.  The summary judgment motion promised by Defendants, even if successful, would not necessarily conclude the case.  Qualified immunity does not extend to Plaintiff's claims against the Defendant City of Topeka. Plaintiff has asserted *Monell* claims against the City of Topeka, claiming that its policies and procedures violate the constitutional rights of Timothy Harris. *Dk. 1*, *Complaint*, at ¶¶ 19-29.  The qualified immunity defense asserted by Defendants only protects the individual defendant, Christopher Janes.  *See Owen v. City of Independence,* 445 U.S. 622 (1980).  Should the district court find that Defendant Janes is entitled to qualified immunity because he did not violate clearly established law, Plaintiff still could recover on his claim against the City of Topeka.  *See Bass v.*

*Pottawatomie County Public Safety Center,* 425 Fed. Appx. 713, (10th Cir. 2011) (jury verdict that officer was entitled to qualified immunity not inconsistent with imposing *Monell* liability on jail for a policy deliberately indifferent to a substantial risk of serious harm to intoxicated detainees.)  *See also Thomas v. Cook County Sheriff's Dept.,* 604 F.3d 293, 305 (7th Cir. 2010) *cert. denied,* 131 S.Ct. 643 ("nothing amiss in holding the County liable even though none of the CMTs were individually responsible."); *Gibson v. County of Washoe, Nev.,* 290 f.3d 1175 (9th Cir. 2002) (municipality may be liable even if liability cannot be ascribed to a single individual officer); *Speer v. City of Wynne, Arkansas,* 276 F.3d 980, 985 (8th Cir. 2002) ("Our court has previously rejected the argument that *Heller* establishes a rule that there must be a finding that a municipal employee is liable in his individual capacity as a predicate to municipal liability.")

Plaintiff expects to ask to perform discovery to respond to Defendants' motion for summary judgment on qualified immunity.  Plaintiff is constrained at this point from precisely articulating the discovery needed since Defendants have only vaguely indicated the evidence they intend to present to support their motion.  But Defendants have stated that their motion will be supported "by a declaration of the officer and video from body cameras worn by Janes and any officer who recorded interactions with the witnesses" and perhaps other yet-unspecified and unrevealed evidence.  *Motion to Stay Discovery and Supporting Memorandum, Dk. 14,* at n.1.

Much of the altercation between Plaintiff and Defendant Janes is not shown by Janes' body camera video.  Janes has claimed that Plaintiff grabbing at his belt and weapons even after he was handcuffed, a claim not supported by the body camera video because it does not show Plaintiff's hands or Janes' belt area.  Janes further claims that Plaintiff continued to struggle while Plaintiff was face down on the ground with his hands cuffed behind his back and Janes'

placing his knee in the middle of Plaintiff's back – none of which appears on the body camera video.  Nor does the body camera video show Janes punching Plaintiff repeatedly in the face and spraying him with pepper spray while face down on the ground with his hands cuffed behind his back and Janes on top of him.  The video evidence will not be dispositive on the reasonableness of the officer's use of force.  Virtually none of the force used appears on the body camera video requiring discovery including depositions of the persons at the scene to provide an evidentiary predicate for opposing Defendants' summary judgment motion.  *See D. Kan. Rule 56.1(b).*

The court has often granted stays of discovery when motions to dismiss or motions for judgment on the pleadings have been filed, *see, e.g., Coffman v. State of Kansas, No. 17-2381-JTM (April 29, 2018); Gorenc v. Klaasen, No. 18-2403-DDC (October 26, 2018)*, but those motions are decided on the pleadings making discovery irrelevant.  Defendants, however, intend to move for summary judgment on qualified immunity.  Plaintiff will have to respond to that motion with citations to portions of the record to properly controvert Defendants' allegations.  *See D. Kan. R. 56.1(b)(1) and (2).*  Discovery by Plaintiff will be required for Plaintiff to meet its burden.  Staying discovery now, before Defendants have even filed their motion for summary judgment, will only further delay the resolution of this case.

Finally, allowing discovery to go forward will not be wasteful or burdensome.  All Defendants, both the City of Topeka and the individual officer, are represented by the same counsel.  They have filed a joint answer, joint initial disclosures, and a joint motion to stay.  The individual defendant will incur no additional costs or burdens.  Plaintiff will depose Defendant Christopher Janes, regardless whether he remains in the case as a defendant, and he will be prepared for the deposition and represented there by the same counsel representing the City of

Topeka. Defendants

## CONCLUSION

The motion to stay discovery by Defendants is premature. The court cannot evaluate whether the proposed dispositive motion would dispose of the case since Defendants have not yet filed it. Plaintiff has not yet propounded any discovery to any party, so the court cannot evaluate whether such discovery would affect the resolution of the yet-unfiled dispositive motion, nor whether it would be burdensome or wasteful. The City of Topeka and Christopher Janes share the same counsel and are conducting a joint, unified defense. Allowing discovery to go forward will not subject the individual defendant to any more burden than he would incur if he were not a party to the case. The court should deny Defendants' motion.

Respectfully submitted,

/s/Rick E. Bailey
Rick E. Bailey, KS # 11583
Conlee, Schmidt & Emerson, LLP
200 W. Douglas, Ste. 300
Wichita, Kansas 67202
(316) 264-3300
(316) 264-3423 (Fax)
rbailey@fcse.net

Andrew M. Stroth (Pro Hac Vice)
Carlton Odim (Pro Hac Vice)
Action Injury Law Group, LLC
191 North Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 771-2444
(312) 641-6866 (Fax)
astroth@actioninjurylawgroup.com
carlton@actioninjurylawgroup.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 18th day of April 2019, a true and correct copy of the above and foregoing **Response to Motion to Stay Discovery and Supporting Memorandum** was filed with the Clerk of the District Court by using the CM/ECF system which will send a notice of electronic filing to counsel for Defendant City of Wichita at:

Mary R. (Shelly) Starr, #12896
Chief of Litigation
Nicholas H. Jefferson, #25530
Assistant City Attorney
Legal Department
215 SE 7th Street, Room 353
Topeka, Kansas 66603
(785) 368-3883
(785) 368-3901 (fax)
sstarr@topeka.org
njefferson@topeka.org
***ATTORNEYS FOR CITY OF TOPEKA and CHRISTOPHER JANES***

                                                              */s/* Rick E. Bailey
                                                              Rick E. Bailey