# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TIMOTHY C. HARRIS,

        Plaintiff,

v.

CITY OF TOPEKA and CHRISTOPHER JANES,

        Defendants.

Case No. 18-cv-4124-SAC-TJJ

## MEMORANDUM AND ORDER

Plaintiff filed this case on September 19, 2018, after he was arrested and then allegedly beaten by a Topeka police officer, Defendant Christopher Janes ("Janes"), on January 23, 2018.[1] Plaintiff brings claims against Janes and Defendant City of Topeka ("Topeka") under 42 U.S.C. § 1983, alleging violations of his Fourth and Fourteenth Amendment rights. He alleges the violations were the result of Topeka's unconstitutional customs, practices, and policies.[2] On March 22, 2019, the Court conducted a Scheduling Conference with the parties. Defendants indicated during the conference that they intended to file an early motion for summary judgment on the issue of qualified immunity and would also request a stay of discovery.[3] The Court stayed discovery pending further order, requiring Defendants to file their motion to stay discovery by April 5, 2019, and their early dispositive motion by May 1, 2019.

Defendants filed their Motion to Stay Discovery and Supporting Memorandum (ECF No. 14) on April 5, 2019, as directed by the Court. The motion is now fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court grants the motion.

---

[1] ECF No. 1 at 3, ¶ 9–14.

[2] *See generally* ECF No. 1.

[3] *See generally* ECF No. 12.

## I. Legal Standard

Whether to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[4] "The general policy in this district is not to stay discovery even though dispositive motions are pending."[5] There are exceptions, however, to this general policy, including "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[6]

Additionally, a defendant is generally entitled to have questions of immunity resolved before being required to engage in discovery.[7] The Supreme Court has also held that until the "threshold immunity question is resolved, discovery should not be allowed."[8] One reason for this is to allow courts to "weed out" lawsuits "without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on the merits."[9] Further, qualified immunity is "an immunity from suit rather than a mere defense to liability[,] and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."[10]

---

[4] *Monroe v. City of Lawrence, Kan.*, No. 13-2086-EFM-DJW, 2013 WL 6154592, at *2 (D. Kan. Nov. 21, 2013) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) and *McCoy v. U.S.*, No. 07–2097–CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)).

[5] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan.1990)).

[6] *Id.*

[7] *See Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836 (D. Kan. Sept. 14, 2010) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

[8] *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).

[9] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[10] *Id.* at 233 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

## II. Analysis

Defendants request a stay of all discovery pending ruling on the motion for summary judgment, which seeks dismissal based on qualified immunity. Defendants note that the motion for summary judgment will address both components or prongs of the qualified immunity analysis.[11] They argue if the motion is granted, it will be dispositive of the entire case, and thus discovery should be stayed as to both defendants.[12] They also argue that no discovery is necessary to resolve the qualified immunity question because the standard to be imposed is the "objective reasonableness" of Janes' actions.[13]

Plaintiff objects to the stay, arguing he needs discovery to respond to the motion for summary judgment, which is supported largely by Janes' body camera video and declaration, because Plaintiff claims much of the altercation between him and Janes is not shown by the video.[14] Further, Plaintiff argues even if the motion for summary judgment were granted, it would not necessarily conclude the case because qualified immunity does not extend to the claims against Topeka.[15] In their reply, Defendants respond to this last point, arguing even if the Court were to ultimately grant the motion only on the clearly-established law prong of the qualified immunity defense such that the case would proceed against Topeka, discovery should still be stayed because even under that scenario discovery while the motion is pending would impose unnecessary burdens on Janes.[16]

---

[11] Defendants assert, and Plaintiff does not dispute, that the first prong of the qualified immunity analysis is whether Janes' use of force was objectively reasonable and the second prong is whether Janes violated clearly-established law. ECF No. 14 at 4–5.

[12] ECF No. 14 at 1.

[13] *Id.* at 4.

[14] ECF No. 15 at 3.

[15] *Id.* at 2.

[16] ECF No. 20 at 2.

The Court notes that "[a]lthough discovery generally should be avoided once qualified immunity is raised, there are some circumstances when narrow discovery is permitted."[17] But, the plaintiff bears the burden to demonstrate how such discovery will raise a genuine issue of fact as to the defendant's qualified immunity claim.[18] Plaintiff here argues he is unable to "precisely articulat[e] the discovery needed" because the motion to stay was filed before the motion for summary judgment and so Plaintiff didn't know what evidence Janes would rely upon to support the motion.[19] Plaintiff argues much of the altercation between Plaintiff and Janes is not shown on Janes' body cam video, including the force Janes used, thus requiring depositions of persons at the scene to provide an evidentiary predicate for opposing the summary judgment motion.[20] Plaintiff indicates he would need Janes' deposition, regardless of whether he remains in the case as a defendant, as well as the depositions "of the persons at the scene."[21]

The Court is not persuaded that discovery is necessary for Plaintiff to respond to the pending motion for summary judgment. Plaintiff argues that he needs to take depositions to establish actions and force used by Janes not captured by the video. But, apparently Plaintiff recalls or has some other source, including perhaps Plaintiff's passenger at the time of the incident at issue, to support his assertions regarding this additional information not captured by the video. Plaintiff can presumably present that factual material by affidavit(s) and/or declaration(s) in response to the pending motion for summary judgment,[22] without conducting the discovery Plaintiff requests.

---

[17] *Martin v. Cty. of Santa Fe*, 626 Fed. Appx. 736, 740 (10th Cir. 2015) (internal citation omitted).

[18] *Id.* (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir.1994)).

[19] ECF No. 15 at 3.

[20] *Id.* at 3–4.

[21] *Id.* at 4.

[22] D. Kan. Rule 56.1(d).

Nor is the Court persuaded that it would be practical or efficient to bifurcate discovery as to Janes and Topeka. Here, the claims against both Janes and Topeka arise out of the January 23, 2018 incident. Plaintiff claims Janes violated his constitutional rights, causing injury, and that Topeka, as Janes' employer, maintained unconstitutional customs, practices, and policies, which contributed to the January 23, 2018 incident and Plaintiff's resulting injuries. This Court has previously held in a similar situation that the claims asserted were so closely related that allowing discovery to proceed as to the city could prejudice the individual who asserted the qualified immunity defense and would be wholly inefficient.[23]

The Court finds that, until the threshold qualified immunity question is resolved in this case, discovery should not be allowed. Because qualified immunity is an immunity from suit and not merely a defense to liability, the Court will not require the Defendants to engage in potentially expensive and time-consuming discovery unless and until after the qualified immunity question is decided. Even if the Court were to ultimately grant the pending motion for summary judgment only on the clearly-established law prong of the qualified immunity defense, allowing the case to proceed against Topeka, discovery should still be stayed while the motion is pending because of the unnecessary burdens of such discovery on Janes.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Stay Discovery and Supporting Memorandum (ECF No. 14) is granted. All discovery shall continue to be stayed pending ruling on Janes' Motion for Summary Judgment (ECF No. 17).

---

[23] *See Monroe v. City of Lawrence, Kan.*, No. 13-2086-EFM-DJW, 2013 WL 6154592, at *2–3 (D. Kan. Nov. 21, 2013) (citing *Howse v. Atkinson*, No. 04-2341-GTV-DJW, 2005 WL 994572, at *2 (D. Kan. Apr. 27, 2005)).

**IT IS SO ORDERED.**

Dated May 24, 2019, at Kansas City, Kansas.

_/s/ Teresa J. James_
Teresa J. James
U. S. Magistrate Judge