IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY C. HARRIS,

        Plaintiff,

   v.                                                                                        No. 18-4124-SAC

CITY OF TOPEKA, KANSAS,
and CHRISTOPHER JANES,

        Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the motion of the defendant Christopher Janes for leave to seal Exhibit A (ECF# 18-7) that is already on file as an attachment to his memorandum in support of his motion for summary judgment (ECF# 18). ECF# 38. In support of his motion, Janes states that the parties filed a protective order (ECF# 13), that he inadvertently filed Exhibit A with redactions, that Exhibit A "should be protected from public disclosure as Criminal History records," and that plaintiff's counsel has no objection to sealing Exhibit A. ECF# 38. After reviewing Exhibit A, its summary judgment ruling, and the controlling case law, the court rules as follows.

"'Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir.2007) (citations omitted), *cert. denied*, 552 U.S. 1098 (2008)). There is a "strong presumption in favor of public access" particularly "where the district court used the

1

sealed documents to determine litigants' substantive legal rights." *U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (internal quotation marks and citations omitted). "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access." *Colony Ins. Co.*, 697 F.3d at 1241 (internal quotation marks and citations omitted). The party seeking to avoid public access to documents has the burden of demonstrating that some significant interest outweighs the presumption. *Id.* "That a party's request to seal is 'unopposed or that it refers to material protected from disclosure by a protective order is not, in itself, a sufficient basis for the Court to seal." *Digital Ally, Inc. v. Utility Associates, Inc.*, 2014 WL 631954 (D. Kan. Feb. 18, 2014) (internal citations omitted). In short, the moving party "must establish a harm sufficient to overcome the public's right of access to judicial records," and the court's decision to seal must be "on the basis of articulable fact known to the court, not on the basis of unsupported hypothesis or conjecture." *Id.* "[T]he district court, in exercising its discretion, must weigh the interests of the public which are presumptively paramount, against those advanced by the parties." *U.S. v. Pickard*, 733 F.3d at 1302 (internal quotation marks and citation omitted).

Exhibit A is a filed judicial record that is unquestionably relevant to the court's decision to deny the defendant's motion for summary judgment. The parties' protective order and the plaintiff's decision not to object are not enough to overcome the strong presumption in favor of public access to this judicial record. Nor does the defendant's label of "criminal history record" given to this exhibit suffice to carry his burden. The defendant does not "expressly articulate" the governmental interest in

this document, even though the burden rests with him. *Pickard*, 733 F.3d at 1303. The court has not been provided with a factual basis for balancing the need for public access against the need for confidentiality here. Exhibit A contains 70 pages of criminal reports, narrative statements, and other documents; many of which directly bear on the allegations of this case and the matters decided in the summary judgment ruling. The court fails to appreciate the defendant's unexplained position that a label, "criminal history record," would necessarily establish a significant governmental interest that justifies sealing these documents under the circumstances here. The defendant's motion to seal is denied.

IT IS THEREFORE ORDERED that the defendant's unopposed motion for leave to seal Exhibit A (ECF# 38) is denied without prejudice to the filing of a new motion narrowly focused and properly supported.

Dated this 26th day of November, 2019, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge